UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00741-RJC

| | |
|---|---|
| MICHAEL T. RAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se "Petition for Writ of Coram Nobis." [Doc. 1].

## I. PROCEDURAL HISTORY

On July 18, 2014, Petitioner was convicted by a jury of conspiracy in violation of 18 U.S.C. §§ 371 and 1349, and obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3), (c)(1), and (c)(2), "following his involvement in earnings mismanagement and improper accounting transactions while acting as chief accounting officer at Beazer Homes USA, Inc." United States v. Rand, 835 F.3d 451, 456 (4th Cir. 2016). On April 30, 2015, this Court sentenced Petitioner to a total term of imprisonment of 120 months. [Criminal Case No. 3:10-cr-00182-RJC-DSC ("CR"), Doc. 380: Judgment]. Judgment was entered on June 3, 2015. [Id., id. at 1]. Petitioner appealed, and the Fourth Circuit affirmed. Rand, 835 F.3d at 470. Petitioner has sought and been denied relief under 28 U.S.C. § 2255. [See Civil Case No. 3:17-cv-00687-RJC]. The Fourth Circuit affirmed this denial and the denial of Petitioner's subsequent attempt at relief under Federal Rule of Civil Procedure 60(b).[1] [Id., Docs. 41, 46, 47, 51, 56]. Petitioner was released from

---

[1] The mandate on the Fourth Circuit's decision affirming this Court's denial of Petitioner's Rule 60(b) motion is temporarily stayed pending ruling on Petitioner's petition for rehearing en banc. [Civil Case No.

incarceration on January 13, 2023, and he is currently serving a three-year term of supervised release. [CR Doc. 380 at 3]. On February 21, 2024, Petitioner filed a motion for early termination of his term of supervised release, which remains pending. [CR Doc. 440].

Now before the Court is Petitioner's petition for writ of error coram nobis to vacate his 2014 convictions. [Doc. 1]. As grounds for relief, Petitioner asserts that (1) the prosecution failed to disclose "its profound conflict of interest" in that Anne Tompkins, now former United States Attorney for the Western District of North Carolina, "played a leading role" in the internal investigation of Beazer Homes while employed with Alston & Bird, and (2) the prosecution "deliberately withheld crucial exculpatory witness statements and evidence that fundamentally undermined" the government's theory, that is, interview notes of two key government witnesses taken by Alston & Bird during its internal investigation of Beazer Homes. [See id.].

## II. ANALYSIS

The All Writs Act, 28 U.S.C. § 1651(a), authorizes the Court to hear petitions for a writ of error coram nobis. United States v. Morgan, 346 U.S. 502, 512 (1954). As the Supreme Court has explained:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Pa. Bureau of Corr. V. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. (1985). A coram nobis petition is "of the same general character as one under 28 U.S.C. § 2255," but is available to petitioners who are no longer "in custody" and cannot seek habeas relief under § 2255 or § 2241. Morgan, 346 U.S. 506 n. 4. An individual on supervised release is "in custody" and not entitled

---

3:17-cv-687-RJC, Doc. 57].

to relief under § 1651. United States v. Smith, 77 Fed. App'x 180, 180 (4th Cir. 2003) (per curiam) (internal citations omitted).

A petitioner for coram nobis is not entitled to relief unless he can meet his burden to prove four elements: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (citation omitted). An error of "the most fundamental character" is one that has "rendered the proceeding itself irregular and invalid." United States v. Addonozio, 442 U.S. 178, 186 (1979) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)). This is a "substantial burden," even "'exceeding that of an ordinary habeas petitioner.'" Hall v. United States, No. 3:12-cv-762, 2012 WL 5902432, at *3 (W.D.N.C. Nov. 26, 2012) (quoting Akinsade, 686 F.3d at 261 (Traxler, C.J., dissenting)). Whether to grant the writ is ultimately a matter of this Court's discretion. See Akinsade, 686 F.3d at 252 (reviewing denial of writ for abuse of discretion). In reviewing the petition, the Court must presume that the underlying proceedings were correct and "the burden rests on the [petitioner] to show otherwise." Morgan, 346 U.S. at 512.

Here, Petitioner remains on supervised release and is therefore "in custody" and not entitled to relief under § 1651. See Smith, 77 Fed. App'x at 180. The Court, therefore, will deny and dismiss Petitioner's petition.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's Petition for Writ of Error Coram Nobis.

3

Case 3:24-cv-00741-RJC   Document 2   Filed 09/11/24   Page 3 of 4

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for Writ of Coram Nobis [Doc. 1] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 11, 2024

Robert J. Conrad, Jr.
United States District Judge